<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MICHAEL A. POWELL,             :
                               :    Civil Action No. 13cv355(JHR)
          Petitioner,          :
                               :
     v.                        :    OPINION
                               :
UNITED STATES OF AMERICA,      :
                               :
          Respondent.          :

---

**RODRIGUEZ**, District Judge:

This matter is properly before the Court upon Petitioner's motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255.  (Doc. No. 1.)

I.   BACKGROUND

In 2008, Petitioner robbed the same bank twice, using a gun. <u>U.S. v. Powell</u>, 444 F. App'x 517, 518 (3d Cir. 2011.)  He was tried by a jury and convicted of two counts of bank robbery and two counts of carrying a firearm in connection with a crime of violence.  <u>Id.</u>; Judgment, <u>United States v. Powell</u>, Crim. No. 8-cr-592(JHR) (D.N.J. Nov. 16, 2009.)  On direct appeal, Powell raised the following claims:  (1) the District Court erred by granting a prospective juror's request to be excused from jury service due to a hearing impairment; (2) the District Court

1

erred by denying his motion to suppress his statement, made during his arrest, directing the arresting officers to the location of his firearm, which was admitted pursuant to the public safety exception to the Miranda Rule; (3) the District Court should have *sua sponte* suppressed his cell phone records obtained from his wireless carrier under 18 U.S.C. § 2703(d); (4) the Government's expert witness on cell site location data testified to matters beyond the scope of the Government's Rule 16 disclosure; (5) Agent Gillen gave inadmissible hearsay testimony; (6) the District Court abused its discretion by allowing extensive testimony by the female victims of the robberies as to the effect of the robberies on their ongoing health and mental state; (7) the Government elicited inadmissible propensity evidence without affording proper pre-trial notice; (8) the District Court should have granted a mistrial when a Government witness refused to answer cross-examination questions; (9) the Government engaged in prosecutorial misconduct during its opening statement and summation; and (10) the District Court coerced a verdict through its supplemental communications with the jury during deliberations. Id. at 519-22. In the alternative, Powell challenged his sentence as substantively unreasonable. Id. at 522. The Third Circuit denied each of Petitioner's claims. Id. at 519-22.

On January 18, 2013, pursuant to 28 U.S.C. § 2255, Petitioner filed the instant motion to vacate, set aside or correct a sentence, challenging the November 16, 2009 judgment entered by this Court. (Doc. No. 1); Judgment, <u>United States v. Powell</u>, Crim. No. 8-CR-592(JHR) (D.N.J. Nov. 16, 2009.) Petitioner alleged five grounds for relief. (Doc. No. 1-1.) In Ground One of his motion, Petitioner alleged violation of the Fifth Amendment of the United States Constitution because a jury instruction was given that allowed constructive amendment of the indictment to conform to the Government's proof at trial. (Petr's Mem. at A6.) In Ground Two, Petitioner alleged his appellate counsel was ineffective for failing to fully contest violation of his Miranda rights during the search of his apartment, in violation of his Fifth and Sixth Amendment rights. (Petr's Mem. at A9.)

In Ground Three, Petitioner alleged trial counsel was ineffective for failing to pursue a claim that the Government disregarded a court order to disclose all scientific testing. (Petr's Mem. at A12-14.) Underlying this claim, Petitioner contends the trial court ordered additional discovery regarding the Government's expert witness on cell phone technology, and the Government failed to comply; and further that hearsay testimony of the expert witness regarding scientific testing was admitted at trial. (<u>Id.</u>)

3

In Ground Four, Petitioner challenged appellate counsel's failure to appeal an issue regarding his sentencing for "brandishing" a firearm. (Petr's Mem. at A15.) In Ground Five, Petitioner asserted appellate counsel was ineffective for failing to raise obvious claims that would have resulted in reversal on appeal (Grounds One through Four of the instant motion). (Petr's Mem. at A16-18.)

Respondent opposed the motion. (Brief of the United States in Opposition to Petitioner's Petition Vacate, Set Aside, or Correct His Sentence Under 28 U.S.C. § 2255 ("Resp's Brief") Doc. No. 7.) Respondent asserted Grounds One, Four and Five of the motion fail on the merits; and Grounds Two and Three are procedurally barred because they were litigated on direct appeal. (Resp's Brief.)

Petitioner replied to the Respondent's opposition. (Petr's Reply Brief, ("Petr's Reply") Doc. No. 11.) In support of his claim regarding the public safety exception, Petitioner argued the public safety exception is inapplicable, and his pre-Miranda statement should be suppressed under United States v. Fautz, 812 F.Supp.2d 570 (D.N.J. 2011) because he was alone is his bedroom, he was the sole occupant of his apartment, and he was under the control of authorities when he admitted there was a firearm in the apartment. (Petr's Reply at 2-3.)

4

Petitioner asserted his claim regarding discovery is identical to the case U.S. v. Kelly, 420 F.2d 26, 29 (2nd Cir. 1969), where the Second Circuit Court of Appeals reversed a conviction because "fairness requires that adequate notice be given to the defense to check the findings and conclusions of the government experts." (Petr's Reply at 5.)

Finally, Petitioner argued he did not waive his ineffective assistance claims, and that in the interests of justice, this Court should address all of his claims. (Petr's Reply at 7-8.)

## II. DISCUSSION

A federal court may vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). An evidentiary hearing is not required under § 2255 where the records of the case conclusively show that the prisoner is not entitled to relief. 28 U.S.C. § 2255(b); United States v. Padilla-Castro, 426 F. App'x 60, 63 (3d Cir. 2011); United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). For the reasons described below, the records in this case conclusively show that Petitioner is not entitled to relief, and an evidentiary hearing is not required.

### A. GROUNDS TWO AND THREE

"[I]ssues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion." U.S. v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014)(quoting U.S. v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)). Petitioner raised the claims underlying Grounds Two and Three on direct appeal, and now seeks to reassert those claims by calling them ineffective assistance of counsel claims. The underlying issues of the public safety exception to Miranda and the scope of discovery concerning scientific testing used in expert testimony were decided on direct appeal, as discussed above. Therefore, Grounds Two and Three of the motion are attempts to relitigate the issues decided on direct appeal, and they are not properly raised in a § 2255 motion. The Court will deny Grounds Two and Three of the motion.

### B. GROUND ONE

In Ground One of the motion, Petitioner alleged his Fifth Amendment right to Due Process was violated when the trial court instructed the jury that the words "and" and "or" were interchangeable, as used in Counts Two and Four of the Superseding Indictment, regarding the charge that defendant "did carry and brandish a firearm." (Petr's Mem. at A6-A8.) Petitioner contends this instruction was a constructive amendment of the indictment to conform to the Government's proof

at trial, and as such, it violated his Fifth Amendment right to a grand jury. (Id. at A6; citing United States v. Syme, 276 F.3d 131, 149 (3d Cir. 2002)).

Respondent argued that there are three essential elements of 18 U.S.C. § 924(c), and the jury was given proper instructions on these elements regarding Counts 2 and 4. (Resp's Brief at 12-13.) The jury instructions on Counts 2 and 4, in pertinent part, were as follows:

> There are three essential elements that must be proved beyond a reasonable doubt in order to establish the offenses charged in Counts 2 and 4 of the superseding indictment:
> First: That the defendant used **or** carried a firearm as specified in that count;
> Second: That the defendant did so during and in relation to at least one of the specified crimes of violence; and
> Third: That the defendant did so knowingly and wilfully.

See Jury Instructions (Exhibits to Resp.'s Brief, Doc. No. 7-1 at ECF Page 689)(emphasis added).

The Superseding Indictment actually charged that Petitioner did "knowingly and willfully use, carry **and** brandish a firearm during and in relation to a crime of violence . . ." (Resp's Brief at 13)(emphasis added). Respondent, however, correctly contends that although the Superseding Indictment charged several acts by using the word "and," a verdict will stand if the evidence is sufficient as to any of the acts charged. Thus, the word "or" is properly used in instructing

the jury. (Resp's Brief at 13); see U.S. v. Niederberger, 580 F.2d 63, 68 (3d Cir. 1978)("it is settled law that where a statute denounces an offense disjunctively [using "or"], the offense may be charged conjunctively [using "and"] in the indictment); Turner v. U.S., 396 U.S. 398, 420 (1970)(affirming where statute provided "purchase, sell, dispense, or distribute a narcotic drug" but Count charged "purchased, dispensed, and distributed heroin"); U.S. v. Vampire Nation, 451 F.3d 189, 204 (3d Cir. 2006)(citing United States v. Cusumano, 943 F.2d 305, 311 (3d Cir. 1991)(finding no violation of right to be tried only on charges presented in indictment by a grand jury where indictment was phrased in the conjunctive and jury instructions were phrased in the disjunctive).

Syme, the case cited by Petitioner, is distinguishable. 276 F.3d at 148-50. Unlike here, the jury instructions in Syme were improper because they instructed the jury on a rate theory of fraud that was not specifically charged in the indictment. Id. As with the cases cited by Respondent, the jury instructions did not violate Petitioner's Due Process rights under the Fifth Amendment by substituting the word "or" for the word "and" used in the indictment.

C.  **GROUND FOUR**

"[R]elief under § 2255 is available only when the claimed error of law was 'a fundamental defect which inherently results

in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" Travillion, 759 F.3d at 288 (quoting Davis v. United States, 417 U.S. 333, 346 (1974) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). The standard of review for a constitutional claim of ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 688 (1984). To prove ineffective assistance of counsel, the movant must meet a two-part test by making a showing of deficient performance by counsel and showing prejudice. Id. at 687. The first prong of the test "requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 132 S.Ct. 1376, 1384 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)). There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689. "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8 (2003)(citing Bell v. Cone, 535 U.S. 685, 702 (2002); Kimmelman v. Morrison, 477 U.S. 365, 382 (1986);

9

Strickland, 466 U.S. at 689; United States v. Cronic, 466 U.S. 648, 656 (1984)).

The movant must also show that counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 487. This requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is one 'sufficient to undermine confidence in the outcome.'" Collins v. Sec. of Pennsylvania Dept. of Corr., 742 F.3d 528, 547 (3d Cir. 2014)(quoting Strickland, 466 U.S. at 694).

In Ground Four of the motion, Petitioner contended appellate counsel was ineffective for failing to raise the issue, under U.S. v. O'Brien, [560 U.S. 218], 130 S.Ct. 2169 (2010), that the jury was improperly invited to convict him of "brandishing a firearm," which is a sentencing factor not a fact for the jury to decide. (Petr's Mem. at A8.)

Petitioner's reliance on O'Brien is misplaced. In O'Brien, 560 U.S. 218, 221 (2010), the Supreme Court was called on to interpret the machine gun provision of 18 U.S.C. § 924(c), which was not at issue in Petitioner's trial. Petitioner's claim actually falls under U.S. v. Harris, 536 U.S. 545 (2002), which the O'Brien Court discussed. Id. at 221. Although Harris has

10

since been overturned,[1] it was the law before Petitioner's conviction and sentence became final. Nonetheless, Harris does not support a finding that Petitioner's rights were violated.

At issue in Harris was whether "brandishing a firearm" under § 924(c)(1)(A) was an element of a crime subject to certain constitutional guarantees, including the guarantee that the element must be included in the indictment by a grand jury or an element of a crime that must be found by a jury beyond a reasonable doubt. 536 U.S. at 549. The Court held that "[t]he statute [18 U.S.C. § 924(c)(1)(A)] regards brandishing and discharging as sentencing factors to be found by the judge, not offense elements to be found by the jury." Id. at 556, 560.

The Constitutional guarantees at issue in Harris involved whether the defendant had the right to have a jury make factual findings, not the right to have a judge make sentencing findings. Thus, Harris does not support Petitioner's claim that his rights were violated by jury instructions regarding whether he brandished a firearm. Petitioner's appellate counsel was not ineffective for failing to raise a claim under O'Brien or Harris, because neither of those cases supports relief from Petitioner's conviction or sentence.

---

[1] See Alleyne v. United States, 133 S.Ct. 2151 (2013).

D.   **GROUND FIVE**

In Ground Five of the motion, Petitioner asserted that appellate counsel provided deficient performance by failing to raise an issue which was obvious from the trial record and would have resulted in reversal on appeal. (Petr's Mem. at A16.) Petitioner argued appellate counsel should have raised on direct appeal the violations of his Fourth, Fifth and Sixth Amendment rights that Petitioner alleged in Grounds One through Four of the instant § 2255 motion. (Id. at A17.)

As discussed above, the underlying claims in Grounds Two and Three of the instant motion were in fact brought on direct appeal and were denied, precluding any claim that appellate counsel was ineffective for failing to raise those claims. Concerning Grounds One and Four, for the reasons described in this Opinion, these were not issues that would have resulted in reversal on appeal. Appellate counsel is not ineffective for failing to raise meritless claims. Holland v. Horn, 150 F. Supp.2d 706, 738 (E.D. Pa. 2001). Therefore, there is no merit to Ground Five of the motion, and it will be denied.

## III. CONCLUSION

Petitioner has not set forth any claim upon which relief might be granted. Therefore, the Court will deny Petitioner's § 2255 motion. Furthermore, the Court will not issue a certificate of appealability because Petitioner has not made a

substantial showing of the denial of a constitutional right. <u>See</u> 28 U.S.C. § 2253(b)(2).

_____
JOSEPH H. RODRIGUEZ
United States District Court

Dated: June 1, 2015